UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GOLDEN SHOOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-53-TAV-DCP |
| ) | |
| WYNDHAM VACATION RESORTS, INC., and ) | |
| PTVO OWNERS ASSOCIATION, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Second Motion for Leave to Withdraw as Counsel [Doc. 22], filed by Plaintiff's attorney, Joshua I. Goldman with Totten, Franqui Davis & Burk, LLC ("Firm"). The Motion states that the Firm filed a Chapter 7 Bankruptcy in the Southern District of Florida and that counsel communicated with Plaintiff about the basis for withdrawing. The Motion states that requiring counsel to remain on the case would impose an unreasonable financial burden on him and would adversely affect Plaintiff's ability to litigate her case. The Motion provides Plaintiff's address and telephone number. The Motion further states that Plaintiff consents to Attorney Goldman's withdrawal. Attorney Goldman states that he sent Plaintiff a copy of the Motion on June 25, 2019. Finally, the Motion requests that the Court allow Plaintiff a reasonable timeframe to find new counsel in this matter.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

(1) File a motion with the Court requesting permission to withdraw as counsel of record;

(2) Include in the motion the current mailing address and telephone number of the client;

(3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;

(4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and

(5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Goldman's Second Motion for Leave to Withdraw as Counsel [**Doc. 22**] complies with the Local Rules, and therefore, the same is **GRANTED IN PART**. The Court expects Attorney Goldman to provide copies of any relevant documents to any future counsel for Plaintiff or directly to Plaintiff upon request. Attorneys Goldman is **RELIEVED** of his duties as counsel in this case.

The Motion to Withdraw also requests that the Court allow Plaintiff a reasonable time to find new counsel. The Motion does not explain how much time is needed, and the Court finds that Plaintiff has already had sufficient time to seek new counsel as Attorney Goldman filed his original motion to withdraw on June 19, 2019. Further, trial in this case is set for September 1, 2020, more than a year away. Accordingly, Plaintiff is hereby **ADMONISHED** that she is **DEEMED** to be proceeding pro se. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by

the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

As a final matter, the Court notes that there are two Motions for Extensions [Docs. 17, 18], pending in this matter. The first Motion [Doc. 17] requests a twenty-one (21) day extension, or until May 13, 2019, to respond to Defendants' Motion to Dismiss. The second Motion [Doc. 18] requests until June 3, 2019, to respond to Defendants' Motion to Dismiss. The second Motion [Doc. 18] explains that Defendants plan to file a motion to stay the proceedings pending a decision on the Motion to Remand and the Motion to Dismiss, which Plaintiff will not oppose. Plaintiff, however, did not file a response to the Motion to Dismiss.

Given the issues with Plaintiff's counsel, the Court will allow Plaintiff thirty (30) days from the filing of the instant Order to respond to Defendants' Motion to Dismiss. Accordingly, the Motions for Extensions [**Docs. 17, 18**] are **DENIED AS MOOT**. Finally, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff at the address provided in the Motion to Withdraw and to update ECF accordingly

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge